1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                       NORTHERN DISTRICT OF CALIFORNIA
10                              SAN JOSE DIVISION
11

12   UNITED STATES OF AMERICA,              Case No.  5:15-cr-00012-LHK-1 (HRL)
                      Plaintiff,
13                                          **ORDER GRANTING IN PART AND**
                                            **DENYING IN PART DEFENDANT'S**
14              v.                          **MOTION FOR PRETRIAL**
                                            **DISCOVERY**
15   JESSIE RAY LAUDERDALE,
                      Defendant.            Re: Dkt. No. 17
16

17          According to the government, a confidential informant (CI) made a controlled purchase of

18   methamphetamines at defendant Jessie Ray Lauderdale's residence.  The CI was a convicted felon

19   who was on parole at that time.

20          On the basis of the controlled purchase, law enforcement officers obtained a warrant to

21   search defendant's residence.  During the search, the government says that officers found and

22   seized approximately one pound of methamphetamine, as well as twenty firearms and

23   approximately 60,000 rounds of ammunition.  Lauderdale is charged in a superseding indictment

24   with possession of 50 grams or more of methamphetamine with intent to distribute, in violation of

25   21 U.S.C. §§ 841(a)(1), and 841(b)(1)(A)(viii); and possession of firearms by a felon, in violation

26   of 18 U.S.C. § 922(g)(1).  He has not been charged with the possession or distribution of the drugs

27   sold to the CI in the controlled buy.

28          Citing concerns about the CI's reliability and the conduct of the law enforcement officers,

United States District Court
Northern District of California

Lauderdale now moves to compel disclosure of the CI's identity and an interview with the CI, as well as other discovery pertaining to the CI, to law enforcement training, and to the government's investigation.[1]   The government opposes the motion.  Upon consideration of the moving and responding papers, as well as the arguments presented at the motion hearing, this court (1) grants in part and denies in part defendant's request for an order compelling the production of documents and (2) concludes that an *in camera* hearing is required as to defendant's request for disclosure of the CI's identity.

### A.   Defendant's Document Requests[2]

For any requests which are granted, the government shall produce responsive documents and deliver them to defense counsel's offices by **noon on November 10, 2015** (i.e., defense counsel shall have the documents in hand by that time).  As discussed at the hearing, for any requests as to which there are no responsive documents (or no additional responsive documents) to be produced, the government shall confirm in writing to defense counsel that after reasonable inquiry and diligent search, there are no documents to be produced.

### 1.   Non-Identification Information re the CI (Requests 3-8, 13-15, 19-23)

**Request 3**:   "Specific description of the CI's criminal history, including year of conviction, sentence imposed, and crime for which CI was on parole at the time of this case."

Defendant's request for this discovery is granted as follows:   The government agrees to produce a redacted copy of CI's criminal history report.  To the extent it is not clear from the criminal history report, the government shall identify for defendant the offense(s) for which the CI is on parole.

**Request 4**:   "All cooperation agreements or writings involving this CI."

Defendant's motion for this discovery is granted as follows:   The government agrees to

---

[1] There are 23 discovery requests at issue.  They are identified in this order by number as listed in defendant's reply brief at pp. 17-19.

[2] The court discussed each of these requests with the parties at the October 29, 2015 hearing.  For those requests as to which discovery is granted, the parties were apprised of the court's ruling at that hearing.  The court took a few requests under submission; and, as discussed above, those requests for discovery are denied.

produce a copy of the CI's contract re this case.  The government shall also ask Officer Dunagan whether there are any other cooperation agreements and report to the defense the result of that inquiry.

**Request 5**:  "Specific description of benefit to CI."

There being no apparent dispute as to this request, defendant's motion for this discovery is granted.

**Request 6**:  "Copies of any debriefing reports, memoranda or other writings reflecting interviews with the CI, including all handwritten notes."

There being no apparent dispute as to this request, defendant's motion for this discovery is granted.

**Request 7**:  "Any other files or records concerning the CI that fall within the scope of *Brady* and *Giglio*."

Defendant's motion for this discovery is granted as to information from the officers, agents, and agencies involved in this case (e.g., Officer Dunagan, Salinas Police Department, the Monterey County DOJ Task Force, and the Monterey County Sheriff's Office).

**Request 8:** "Copy of the CI's parole file, parole conditions, mental health reports that may bear on the CI's ability to accurately recall and recount events, evidence of any positive urinalysis for a controlled substance, and or any records evidencing that the CI is an addict."

Defendant's motion for this discovery is granted as follows:  The government shall search for and produce responsive documents.  However, if the government determines that any responsive document is subject to a privilege (e.g., medical privacy), then the government shall at least identify the document for the defense, i.e., by describing the nature of the document(s) in a manner that does not itself reveal the claimed privileged information, but which will enable the defense to assess the claimed privilege.  Either side may seek further relief from this court if the parties are unable to resolve disputes over any claimed privilege.

**Request 13**:   "Whether the CI had previously met Mr. Lauderdale or seen him in person before conducting the alleged controlled buy.  If so, under what circumstances."

Defendant's motion for this discovery is granted to the extent documentation exists to

1   verify the government's claim that the CI had prior contact with defendant.

2       **Request 14**:   "Copies of any instructions provided to the CI regarding his work as an

3   informant."

4       There being no apparent dispute as to this request, defendant's motion for this discovery is

5   granted.

6       **Request 15**:   "Copies of any documents memorializing the CI's role as an informant, such

7   as any written agreement between the informant and law enforcement, or any document signed by

8   the informant regarding his obligations as an informant."

9       There being no apparent dispute as to this request, defendant's motion for this discovery is

10   granted.

11       **Request 19**:   "The name of the gang to which the CI belongs."

12       Defendant contends that this discovery is relevant to the CI's credibility, i.e., to determine

13   whether or not he might belong to a violent gang.  Defendant, however, has not convincingly

14   demonstrated that violence equates with a propensity for dishonesty or honesty.  His motion for

15   this discovery is denied.

16       **Request 20**:  "All information regarding prior parole violations of the CI, including

17   positive drug tests and history of drug use, including type."

18       This request essentially seeks the same information asked for in Request 8.  Defendant's

19   motion for this discovery is granted, subject to the same limitations discussed in connection with

20   Request 8.

21       **Request 21**:   "All reports from Officer Dunagan's stop of the CI for being in violation of

22   his parole conditions, which the government now states was the reason for the CI's recruitment as

23   an informant."

24       There being no apparent dispute as to this request, defendant's motion for this discovery is

25   granted.

26       **Request 22**:   "Name and contact information of the CI's parole officer."

27       For the reasons discussed, this court finds that an *in camera* hearing is required as to

28   defendant's request for disclosure of the CI's identity.  Accordingly, at this time, his request for

United States District Court
Northern District of California

4

1   discovery responsive to Request 22 is denied.

2     **Request 23**:   "All materials from the CI's file maintained by Salinas PD or any other law

3   enforcement agency that has previously associated with the CI."

4     Defendant's motion for this discovery is granted as to the three identified agencies

5   involved in this case (i.e., Salinas Police Department, Monterey County DOJ Task Force, and the

6   Monterey County Sheriff's Office) concerning the CI's past or subsequent work as an informant.

7       **2.  Documents re Training Materials (Requests 10-12)**

8     **Request 10**:   "Any and all policies regarding recruitment, training, handling, payment,

9   and/or documentation of confidential informants applicable to:  a.  Salinas Police Department; b.

10   Monterey County DOJ Task Force; and c.  any relevant federal agency involved in this case."

11     **Request 11**:   "Training materials provided by California Narcotics Officers Association

12   during 8-hour CNOA course taken by Officer Zachary Dunagan regarding 'informant

13   management and development.'"

14     **Request 12**:   "Description of any other training or coursework regarding confidential

15   informants taken by Officer Dunagan or any other officer involved in the Lauderdale operation."

16     Defendant's motion for this discovery is granted.  The government contends that these

17   requests are based on nothing more than defendant's speculation that some misstep might have

18   occurred in the handling of the CI.  However, the court agrees that the information is relevant to

19   defendant's anticipated motion(s) to suppress and to Officer Dunagan's credibility.

20       **3.  Documents research of Lauderdale's home (Request 16)**

21     **Request 16**:  "All documents related to the search of Mr. Lauderdale's house, including

22   any search warrant return and chain of custody log."  Among the items defendant seeks are (1) the

23   search warrant return; (2) chain of custody log; (3) any map or drawing of the property showing

24   the location of evidence items, and (4) any photographs taken during the search.

25     Defendant's motion for this discovery is granted.  The government believes that there may

26   be no further documents to produce, but has agreed to confirm whether that is so.

27       **4.  Documents re controlled buy (Requests 9, 17-18)**

28     **Request 9**:  "The date and time of the controlled buy alleged in the Search Warrant

United States District Court
Northern District of California

1    Affidavit."

2           Defendant's motion for this discovery is granted as follows:   The government shall

3    disclose the number of days between the CI's parole violation and the controlled buy.

4           **Request 17**:   "All records pertaining to Barcode 00167123, reflected on the Property &

5    Evidence Report prepared by Officer Dunagan on August 6, 2014, regarding 4.2 grams of

6    methamphetamine, including:  a.  all records pertaining to the packaging materials, including their

7    type and whether they were retained or destroyed; b. all photographs of this evidence; c. all

8    records pertaining to the weight or testing of this evidence in the lab that determined it was 4.2

9    grams; and d. all records pertaining to the destruction and retention of those evidence items."

10          There being no apparent dispute as to this request, defendant's motion for this discovery is

11   granted.

12          **Request 18**:   "All reports from Salinas P.D. Case No.14080214 as well as any associated

13   reports, which is indicated on the Property & Evidence Report prepared by Officer Dunagan."

14          There being no apparent dispute as to this request, defendant's motion for this discovery is

15   granted.

16   **B.      Request for CI Identity and Interview[3]**

17          The government holds a limited privilege "to withhold from disclosure the identity of

18   persons who furnish information of violations of law to officers charged with enforcement of that

19   law."  Roviaro v. United States, 353 U.S. 53, 59, 77 S. Ct. 623, 1 L.Ed.2d 639 (1957).  "Where the

20   disclosure of an informer's identity, or of the contents of his communication, is relevant and

21   helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege

22   must give way."  Id. at 60-61.  There is no fixed rule with respect to disclosure.  Id. at 62.  In

23   determining whether an informant's identity should be disclosed, the court must balance "the

24   public interest in protecting the flow of information against the individual's right to prepare his

25   defense."  Id.  "Whether a proper balance renders nondisclosure erroneous must depend on the

26

27   ─────────────────────
     [3] The requests at issue:   **Request 1** ("The informant should be made available for an interview.")
28   and **Request 2** ("The informant's name and current address should be provided.").

United States District Court
Northern District of California

United States District Court
Northern District of California

1   particular circumstances of each case, taking into consideration the crime charged, the possible

2   defenses, the possible significance of the informer's testimony, and other relevant factors."  Id.

3            "The Ninth Circuit has provided a three-factor test to balance the interests between the

4   public and the defendant:  '(1) the degree of the informant's involvement in the criminal activity;

5   (2) the relationship between the defendant's asserted defense and the likely testimony of the

6   informant; and (3) the government's interest in non-disclosure.'"  United States v. Farias, No.

7   CR11-0647 RS (MEJ), 2012 WL 1424759 at *2 (N.D. Cal., Apr. 24, 2012) (quoting United States

8   v. Gonzalo-Beltran, 915 F.2d 487, 489 (9th Cir.1990)).  Lauderdale bears the burden of

9   demonstrating the need for disclosure, and a "mere suspicion that the information will prove

10  helpful will not suffice."  United States v. Williams, 898 F.2d 1400, 1402 (9th Cir. 1990).

11           The government maintains that the CI's identity is irrelevant because the CI was not a

12  percipient witness to any of the conduct charged in the superceding indictment, and the

13  government does not intend to call the CI as a witness.  Generally, an informant's identity need

14  not be disclosed where the informant did not participate in the crime charged and where probable

15  cause is not at issue.  See, e.g., Williams, 898 F.2d at 1402.

16           Nevertheless, the CI and the controlled buy were used as the basis to obtain the search

17  warrant, which led to the evidence forming the basis of the government's charges, and Lauderdale

18  believes there may be probable cause issues.  Pointing to a number of specific inconsistencies and

19  omissions re the warrant affidavit and in the discovery obtained from the government thus far,

20  Lauderdale contends that there is considerable cause to question whether the CI might have

21  procured the drugs for the controlled buy and made the whole thing up in order to get out of a

22  parole violation.  See United States v. Rowland, 464 F.3d 899, 909 (9th Cir. 2006) ("[A]

23  defendant is sometimes entitled to disclosure of the informant's identity, but only after 'mak[ing]

24  specific allegations that indicate the portions of the warrant claimed to be false' and making 'a

25  contention of deliberate falsehood or reckless disregard for the truth.'") (quoting United States v.

26  Kiser, 716 F.2d 1268, 1271 (9th Cir.1983)).

27           Although the government maintains that Lauderdale is on a fishing expedition, there are

28  enough inconsistencies and omissions here to plausibly support defendant's concern about what

can only be described as the government's evolving narrative about the CI and his role as informant.  This court concludes that defendant has made a "minimal threshold showing" for disclosure and that, under these circumstances, an *in camera* hearing is required to determine whether the CI would, in fact, be helpful to Lauderdale's defense and whether the CI's identity should be disclosed.  United States v. Spires, 3 F.3d 1234, 1238 (9th Cir. 1993).

Accordingly, the government shall produce the CI for an *in camera* hearing on **November 16, 2015, 1:30 p.m.** in Courtroom 2.  Having considered various alternatives, this court concludes that the most appropriate course is for the court to question the CI on the record, without the presence of defendant or any counsel.  **No later than noon on November 12, 2015**, defendant shall deliver *in camera* to the undersigned's chambers a list of questions (organized by subject matter) he would like the court to ask the CI at the hearing.

SO ORDERED.

Dated:  November 5, 2015

_____
HOWARD R. LLOYD
United States Magistrate Judge

United States District Court
Northern District of California

5:15-cr-00012-LHK-1 Notice has been electronically mailed to:

Varell Laphalle Fuller      Varell_Fuller@fd.org, Susie_Barrera@fd.org

William James Gullotta      william.gullotta@usdoj.gov, ryka.barghi@usdoj.gov

United States District Court
Northern District of California